**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| COBALT INTERNATIONAL ENERGY, INC., *et al.*,[1] | ) Case No. 17-36709 (MI) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) (Emergency Hearing Requested) |

**DEBTORS' *EMERGENCY* MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING TIME TO FILE (A) SCHEDULES OF ASSETS AND
LIABILITIES, (B) SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
(C) SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES,
(D) STATEMENTS OF FINANCIAL AFFAIRS, AND (E) RULE 2015.3
FINANCIAL REPORTS, (II) WAIVING THE REQUIREMENT TO FILE A
LIST OF EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS MATTER ON DECEMBER 14, 2017, AT 3:30 P.M. (CENTRAL TIME) BEFORE THE HONORABLE MARVIN ISGUR, 515 RUSK STREET, COURTROOM 404, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

KE 49703582

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion.

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the Debtors an additional 46 days, without prejudice to the Debtors' ability to request additional extensions, to file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"), (b) allowing the Debtors additional time to file financial information reports under Bankruptcy Rule 2015.3(a) ("2015.3 Reports") to the later of (i) 30 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), (ii) 60 days after the Petition Date, or (iii) another such date ordered by the court upon request by the Debtors pursuant to a motion seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions, (c) waiving the requirement to file a list of and provide notice directly to the Debtor's equity security holders, and (d) granting other related relief not expressly stated herein.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the court in connection with this motion to the extent that it is later determined that the court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a) and 521 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Bankruptcy Rules 1007(c), 9006(b), and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>").

### Background

4.     The Debtors are a publicly held offshore oil exploration and production company with headquarters in Houston, Texas and operations primarily located off the coast of the United States in the deepwater of the Gulf of Mexico and offshore Angola and Gabon in West Africa. The Debtors have four named discoveries in the Gulf of Mexico, which include North Platte, Shenandoah, Anchor, and Heidelberg.  Heidelberg began initial production in January of 2016 while North Platte, Shenandoah, and Anchor have been fully appraised and are now in development.  Additionally, the Debtors have made seven aggregate discoveries in offshore Angola and maintain a non-operated interest in offshore Gabon, where the Debtors have one discovery.

5.     On the date hereof (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David D. Powell, Chief Financial Officer of Cobalt International Energy, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously with this motion.[2]

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

6.　　　The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have concurrently filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

**I.　　Cause Exists to Extend the Time to File the Schedules and Statements**.

7.　　　The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require a debtor to file its Schedules and Statements within 14 days after the petition date. Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b).

8.　　　The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to hundreds of claims, assets, and contracts from each Debtor entity. The collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors and their employees. Additionally, the Debtors may lack access to certain information necessary to complete the Schedules and Statements because invoices related to prepetition expenditures have not have been received and entered into the Debtors' accounting system, among other reasons.

9.　　　Given the size and complexity of the Debtors' business and financial affairs and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the

Schedules and Statements as of the Petition Date. Rather, in the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases to ensure a smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and other parties in interest. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases. Accordingly, the Debtors submit that their request for a 46-day extension of time to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.

10. Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Seadrill Ltd.*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Sept. 13, 2017) (granting a 45-day extension); *In re GenOn Energy, Inc.*, No. 17-33695 (DRJ) (Bankr. S.D. Tex. June 15, 2017) (granting a 30-day extension); *In re Goodman Networks, Inc.*, No. 17-31575 (MI) (Bankr. S.D. Tex. March 13, 2017) (granting a 60-day extension); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016) (granting a 30-day extension); *In re SandRidge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (granting a 30-day extension); *In re Linn Energy LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 13, 2016) (granting a 47-day extension); *In re Ultra Petrol. Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. May 3, 2016) (granting a 26-day extension).[3]

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

5

**II.     Cause Exists to Extend the Time to File the 2015.3 Reports**.

11.     Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c).  Bankruptcy Rule 9006(b)(1) provides the court with authority to extend the period of time to file the 2015.3 Reports "for cause."  Additionally, Bankruptcy Rule 2015.3(d) provides the court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." *See* Fed. R. Bankr. P. 2015.3(d).

12.     The Debtors directly and indirectly own non-Debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and, as such, they are required to file 2015.3 Reports.  Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on (a) the size, complexity, and geographic scope of the Debtors' businesses and (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases. The Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3.

13.     Extending the deadline to file the initial 2015.3 Reports will also enable the Debtors to work with their financial advisors and the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3.  Accordingly, the Debtors respectfully request that the court grant an extension of the time

by which the Debtors must file their initial 2015.3 Reports to the later of (a) 30 days after the 341 Meeting or (b) 60 days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

14. The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-Debtor subsidiaries. This court recently found "cause" to extend the deadline for filing 2015.3 Reports in a chapter 11 case of comparable size and complexity. *See In re EMAS CHIYODA Subsea Ltd.*, No. 17-31146 (MI) (Bankr. S.D. Tex. Mar. 1, 2017).

**III.    It Is Appropriate to Waive the Requirements to File a List of and to Provide Notice Directly to the Equity Security Holders Under the Circumstances of These Chapter 11 Cases**.

15. In addition to the Schedules and Statements, the Bankruptcy Rules also contain certain requirements with respect to a debtor's equity security holders. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders. Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Fed. R. Bankr. P. 2002(d). Bankruptcy courts have authority to modify or waive the requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

16. The Debtors submit that the requirements to file a list of, and to provide notice directly to, equity holders should be waived as to Cobalt International Energy, Inc. ("Cobalt") in this case. As an initial matter, Cobalt is a publicly-traded company with over 29 million common shares outstanding. Cobalt does not maintain a list of its equity security holders and, therefore, must obtain the names and addresses of its shareholders from a securities agent. Preparing and submitting such a list with last known addresses for each such equity security holder and sending notices to all such parties will be expensive and time consuming and will serve little or no beneficial purpose.

17. Moreover, Cobalt filed with its petition a list of significant holders of its outstanding common stock. Further, as soon as is practicable following the date hereof, Cobalt intends to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of its common stock. Accordingly, the Debtors respectfully request that the requirements to file a list of and to provide notice directly to Cobalt's equity security holders be waived.

18. Courts in and outside this district routinely grant substantially similar relief in cases involving publicly-traded debtors. *See, e.g.*, *In re Ultra Petrol.*, No. 16-32202 (MI) (Bankr. S.D. Tex. May 3, 2016) (waiving the requirement to file a list of equity security holders); *In re BPZ Res., Inc.*, No. 15-60016 (DRJ) (Bankr. S.D. Tex. Mar. 10, 2015) (waiving the requirement to file a list of equity security holders); *In re Autoseis, Inc.*, No. 14-20130 (RSS) (Bankr. S.D. Tex. Mar. 27, 2014) (same); *In re Dolan Co.*, No. 14-10614 (BLS) (Bankr. D. Del. Mar. 25, 2014) (waiving the requirement to file list of equity security holders and provide direct notice to equity holders); *In re PMGI Holdings Inc.*, No. 13-12404 (CSS) (Bankr. D. Del. Sept. 18, 2013) (waiving the requirement to file a list of equity security holders); *In re Washington Mut., Inc.*, No. 08-12229

(MFW) (Bankr. D. Del. Nov. 7, 2008) (waiving the requirements to file a list of equity security holders and to provide notice of commencement of the case to equity security holders).

### Emergency Consideration

19. The Debtors respectfully request emergency consideration of this motion in accordance with Bankruptcy Local Rule 9013(i).  The Debtors believe that the relief requested in this motion is critical to an immediate and orderly transition into chapter 11 that will preserve the value of the Debtors' estates and maintain the viability of the Debtors' operations.  Moreover, without the Court granting the relief on an emergency basis, the deadlines that the Debtors seek to extend or waive will have passed before the Court's consideration of this motion.  Accordingly, the Debtors respectfully request that the Court approve the relief requested in this motion on an emergency basis.

### Reservation of Rights

20. Nothing contained herein is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity.

### Notice

21. The Debtors will provide notice of this motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the indenture trustee for the Debtors' first lien notes; (d) the

indenture trustee for the Debtors' second lien notes; (e) the indenture trustee for the Debtors' 2.625% senior convertible notes; (f) the indenture trustee for the Debtors' 3.125% senior convertible notes; (g) counsel to the parties referenced in clauses (c) to (f); (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## No Prior Request

22.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Houston, Texas
Dated: December 14, 2017

/s/ Zack A. Clement
Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston, Texas 77025
Telephone: (832) 274-7629

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
Marc Kieselstein, P.C. (*pro hac vice* admission pending)
Chad J. Husnick, P.C. (*pro hac vice* admission pending)
Brad Weiland (*pro hac vice* admission pending)
Laura Krucks (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on December 14, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                       */s/ Zack A. Clement*
                                                       Zack A. Clement