IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| COBALT INTERNATIONAL ENERGY, INC., *et al.*,[1] | ) Case No. 17-36709 (MI) <br> ) |
| Debtors. | ) (Joint Administration Requested) <br> ) (Emergency Hearing Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION
AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER AT AT A DATE AND TIME TO BE DETERMINED IN COURTROOM 404, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion.

### Relief Requested

1. The Debtors hereby seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) authorizing the Debtors to remit and pay (or use tax credits to offset) Taxes and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

Fees (as defined below) in the ordinary course of business, without regard to whether such obligations accrued or arose before or after the Petition Date and (b) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the court in connection with this motion to the extent that it is later determined that the court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 363, 503, 507, and 541 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 6003 and 6004, and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

### Background

4. The Debtors are a publicly held offshore oil exploration and production company with headquarters in Houston, Texas and operations primarily located off the coast of the United States in the deepwater of the Gulf of Mexico and offshore Angola and Gabon in West Africa. The Debtors have four named discoveries in the Gulf of Mexico, which include North Platte, Shenandoah, Anchor, and Heidelberg. Heidelberg began initial production in January of 2016 while North Platte, Shenandoah, and Anchor have been fully appraised and are now in development. Additionally, the Debtors have made seven aggregate discoveries in offshore

Angola and maintain a non-operated interest in offshore Gabon, where the Debtors have one discovery.

5. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David D. Powell, Chief Financial Officer of Cobalt International Energy, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this motion.[2]

6. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have concurrently filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Taxes and Fees**

7. The Debtors collect, withhold, and incur franchise and property taxes and annual report filing fees (collectively, the "Taxes and Fees").[3] The Debtors remit the Taxes and Fees to various state and local governments and taxing authorities, identified in the schedule attached hereto as **Exhibit B** (collectively, the "Authorities").[4] Taxes and Fees are remitted and paid by

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[3] By this motion, the Debtors do not seek the authority to collect and remit state and federal employee-related taxes and withholdings. Such relief is instead requested pursuant to the *Debtors'* Emergency *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief*, filed contemporaneously herewith.

[4] Although **Exhibit B** is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit B**. By this motion, the Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified on **Exhibit B**.

3

the Debtors through checks and electronic funds transfers that are processed through their banks and other financial institutions. The Debtors estimate that approximately $698,575 in Taxes and Fees relating to the prepetition period will become due and owing to the Authorities after the Petition Date.

8.  The Debtors pay the Taxes and Fees to the Authorities on a periodic basis, remitting them primarily in January, June, and September of each year, depending on the nature and incurrence of a particular Tax or Fee. Although the Debtors believe that they are substantially current with respect to their payment of Taxes and Fees, the Debtors seek authority, pursuant to this motion, to make such payments where: (a) Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees accrued or were incurred prepetition but were not paid prepetition or were paid in an amount less than actually owed; (c) Taxes and Fees paid prepetition by the Debtors were lost or otherwise not received in full by any of the Authorities; or (d) Taxes and Fees incurred for prepetition periods may become due after the commencement of these chapter 11 cases.

9.  The Taxes and Fees are summarized as follows:

| Category | Description | Approximate Amount Accrued as of Petition Date |
|---|---|---|
| **Franchise Taxes** | Taxes required to conduct business in the ordinary course. | $63,540 |
| **Property Taxes** | Taxes and obligations related to real and personal property holdings. | $635,000 |
| **Annual Report Filing Fees** | Taxes and fees related to annual reporting obligations in Louisiana. | $35 |
| | Total | $698,575 |

**I.    Franchise Taxes**.

10. The Debtors are required to pay franchise taxes in three states in order to continue operating their businesses in compliance with state law. The Debtors have ongoing franchise tax obligations only in Delaware. These taxes accrue annually and are generally paid in three yearly

installments—January, June, and September. Although the Debtors submit required franchise tax filings in Texas and Louisiana, those tax filings historically have not resulted in the accrual of any taxes because of the absence of reportable revenue. The Debtors cannot engage in business in states where franchise taxes, if assessed, are not paid.

11. In 2016, the Debtors paid approximately $144,600 in franchise taxes. The Debtors estimate that they have accrued approximately $63,540 in franchise taxes as of the Petition Date. The Debtors seek authority to pay prepetition amounts outstanding on account of franchise taxes, and to continue to pay such taxes postpetition in the ordinary course of business.

## II. Property Taxes.

12. State and local laws in the jurisdictions where the Debtors operate generally grant Authorities the power to levy property taxes against the Debtors' real and personal property. To avoid the imposition of statutory liens on their real and personal property, the Debtors typically pay property taxes in the ordinary course of business on an annual basis. This includes property taxes collected from certain third parties and paid to the applicable Authorities.

13. In 2016, the Debtors paid approximately $410,000 in property taxes to the applicable Authorities. The Debtors estimate that they have accrued approximately $635,000 in property taxes as of the Petition Date. The Debtors seek authority to pay prepetition amounts outstanding on account of property taxes, and to continue to pay such taxes postpetition in the ordinary course of business.

## III. Annual Report Filing Fees.

14. The Debtors are required to pay an annual report filing fee in Louisiana in order to continue conducting their businesses pursuant to Louisiana law. The Debtors pay the annual report filing fee in April of each year.

15. In 2016, the Debtors paid approximately $35 in annual report filing fees to the applicable Authorities. The Debtors estimate that they have accrued approximately $35 in annual report filing fees as of the Petition Date. The Debtors seek authority to pay prepetition amounts outstanding on account of the annual report filing fees, and to continue to pay such fees postpetition in the ordinary course of business.

## Basis for Relief

16. The Debtors believe that any failure to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways: (a) the Authorities may initiate audits of the Debtors, which would unnecessarily divert the Debtors' attention from the restructuring process; (b) the Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and pursue other remedies that will harm the estates; and (c) certain of the Debtors' directors and officers could be subject to claims of personal liability, which would likely distract those key employees from their duties related to the Debtors' restructuring. Moreover, unpaid Taxes and Fees may result in penalties, the accrual of interest, or both.

**I.   Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment Under the Bankruptcy Code.**

17. Claims for certain of the Taxes and Fees are or may be priority claims entitled to payment in advance of general unsecured claims. *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment). Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). The accrual of interest is governed by the applicable state law judgment rate. *See In re W. Texas Mktg. Corp.*, 54 F.3d 1194, 1203 (5th Cir. 1995) ("Because § 726(a)(5)

states that the interest should be set 'at the legal rate,' Texas state law determines the existence and amount of interest."). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.  Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors.

II.  **Payment of the Taxes and Fees as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment**.

18.  Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Courts in the Fifth Circuit have granted a debtor's request to use property of the estate outside of the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code upon a finding that such use is supported by sound business reasons.  *See, e.g.*, *Inst. Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *see also In re Crutcher Res. Corp.*, 72 B.R. 628, 631 (Bankr. N.D. Tex. 1987) ("A Bankruptcy Judge has considerable discretion in approving a § 363(b) sale of property of the estate other than in the ordinary course of business, but the movant must articulate some business justification for the sale."); *In re Terrace Gardens Park P'ship*, 96 B.R. 707, 714 (Bankr. W.D. Tex. 1989).

19.  Furthermore, section 105(a) of the Bankruptcy Code provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

7

of" the Bankruptcy Code, pursuant to the "doctrine of necessity." 11 U.S.C. § 105(a). The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein. *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (recognizing the "doctrine of necessity"); *see also In re Lehigh & New Eng. Ry.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to a debtor's continued operation); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of pre-petition claims" under the doctrine of necessity); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (explaining that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to confirmation of a reorganization plan).

20. Moreover, the doctrine of necessity is designed to foster a debtor's rehabilitation, which courts have recognized is "the paramount policy and goal of Chapter 11." *In re Ionosphere Clubs*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of toolmakers as "necessary to avert a serious threat to the Chapter 11 process"); *Mich. Bureau of Workers' Disability Comp. v.*

*Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285–86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

21. The Debtors' ability to pay the Taxes and Fees is critical to their continued and uninterrupted operations. If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting these key personnel from the administration of the Debtors' chapter 11 cases. *See, e.g.*, *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for unpaid taxes) (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 547 (1990)). Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest. The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these chapter 11 cases.

22. Furthermore, the Debtors' failure to pay the Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on the claims for Taxes and Fees, which amounts may also be entitled to priority treatment. Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders. As noted above, many of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code. As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. To the extent that the Debtors are not able to timely pay the prepetition Taxes and Fees, they may ultimately be required to pay those amounts

with additional interest and penalties. The Debtors' failure to pay the prepetition Taxes and Fees as they come due may, thus, ultimately increase the amount of priority claims held by the Authorities against the Debtors' estates to the detriment of the Debtors' general unsecured creditors. *See* 11 U.S.C. §§ 507(a)(8)(C) and 507(a)(8)(G). Accordingly, the court should grant the Debtors authority to pay the prepetition Taxes and Fees as provided herein.

23. Courts in this district and elsewhere routinely approve relief similar to that requested herein. *See, e.g.*, *In re Seadrill Ltd.*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Oct. 10, 2017) (authorizing the debtors to pay prepetition taxes); *In re GenOn Energy, Inc.*, No. 17-33695 (DRJ) (Bankr. S.D. Tex. June 15, 2017); *In re Ameriforge Grp. Inc.*, No. 17-32660 (DRJ) (Bankr. S.D. Tex. May 2, 2017); *In re Goodman Networks, Inc.* No. 17-31575 (MI) (Bankr. S.D. Tex. Mar. 14, 2017); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016); *In re Ultra Petrol. Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. June 14, 2016); *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 13, 2016); *In re Midstates Petrol. Co.*, No. 16-32237 (DRJ) (Bankr. S.D. Tex. May 2, 2016); *In re Southcross Holdings, LP*, No. 16-20111 (MI) (Bankr. S.D. Tex. Mar. 29, 2016).[5]

### III. Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Funds Transfer.

24. The Debtors have sufficient funds to pay the amounts described in this motion in the ordinary course of business by virtue of anticipated access to cash collateral. In addition, under the Debtors' cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Taxes and Fees. Accordingly, the Debtors believe there is minimal risk that checks or wire transfer requests the Court has not

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

authorized will be made inadvertently. Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this motion.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

25. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Reservation of Rights

26. Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity.

### Notice

27. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the indenture trustee for the Debtors' first lien notes; (d) the indenture trustee for the Debtors' second lien notes; (e) the indenture trustee for the Debtors' 2.625% senior convertible notes; (f) the indenture trustee for the Debtors' 3.125% senior convertible notes; (g) counsel to the parties referenced in clauses (c) to (f); (h) the United States

Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Authorities; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

## No Prior Request

28. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: December 14, 2017
Houston, Texas

*/s/ Zack A. Clement*
Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston, Texas 77025
Telephone: (832) 274-7629

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
Marc Kieselstein, P.C. (*pro hac vice* admission pending)
Chad J. Husnick, P.C. (*pro hac vice* admission pending)
Brad Weiland (*pro hac vice* admission pending)
Laura Krucks (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

    I certify that on December 14, 2017, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                       */s/ Zack A. Clement*
                                                       Zack A. Clement