IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/25/2018

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| COBALT INTERNATIONAL ENERGY, INC., *et al.*,[1] | ) Case No. 17-36709 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 127** |

### ORDER APPROVING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING PERFORMANCE UNDER SETTLEMENT AGREEMENT, (II) APPROVING SETTLEMENT AGREEMENT, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to cause certain of their wholly-owned non-Debtor subsidiaries to perform under and consummate that certain Settlement Agreement, (b) approving the Settlement Agreement, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, LP (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to cause the Angolan Subsidiaries, and all Cobalt subsidiaries who are parties to the Settlement Agreement, to perform under and consummate the Settlement Agreement, attached hereto as **Exhibit 1**.

3. The Settlement Agreement satisfies the standards of Bankruptcy Rule 9019 and is hereby approved.

4. The Debtors and their wholly owned, non-Debtor subsidiaries are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement Agreement in accordance with the terms, conditions, and agreements set forth therein, all of which are hereby approved.

5. Nothing in this Order limits, extinguishes, determines or otherwise modifies the rights and obligations of Whitton Petroleum Services Limited ("Whitton") or any other parties under that certain Overriding Royalty Agreement Relating to Blocks Located Offshore Angola (the "Whitton ORA"),[3] and all rights under the Whitton ORA are hereby preserved. Nothing in

---

[3] Capitalized terms used in this paragraph and paragraphs 6 and 8 and not otherwise defined in this Order or the Motion shall have the meanings ascribed to them in the Whitton ORA.

this Order shall constitute an assumption or rejection of the Whitton ORA. The Court expresses no view on the effect of the Settlement Agreement under the laws of the Republic of Angola.

6. As it concerns rights between the Cobalt Entities and Whitton, notwithstanding the preservation of rights set forth in the immediately preceding paragraph, upon (and in no event before) the payment in full in cash by Sonangol of the $500 million in settlement payments pursuant to the Settlement Agreement: (a) the transition of interests in the Angola assets to Sonangol will constitute an "assignment" of its Percentage Interest in Blocks 20 and 21 under Section 8.1 of the Whitton ORA (the "Assignment"); (b) immediately upon the Assignment, Cobalt will be deemed to have made an irrevocable election by notice in writing by Cobalt to Whitton that it has elected to pay Whitton the Cash Value in accordance with Clause 8.1(c) of the Whitton ORA; (c) the Cash Value shall be expressly agreed or determined in accordance with Clause 8.8 of the Whitton ORA, and (d) the 15-day negotiation period referred to in Clause 8.8 shall be deemed to have commenced. For the avoidance of doubt, neither this Order nor any action prior to the payment in full in cash by Sonangol of the $500 million in settlement payments shall constitute an election under Clause 8.1 of the Whitton ORA, and no such election shall be effective until such payment.

7. To the extent that any additional definitive documents are necessary to implement paragraph 7 of the Settlement Agreement, the Debtors will promptly file any such documents with the Court. If such documents are objected to within 7 days of the date on which they are filed and the objection is sustained, the objecting party may seek an administrative claim against the Estate to the extent that the definitive documents executed or approved by the Debtors exceed the obligations required by the Settlement Agreement.

8. This paragraph does not expand or modify the Debtors' rights under the Settlement Agreement. Moreover, nothing in this Order limits, extinguishes, determines, or otherwise modifies Cobalt's rights to access and use any and all data and information, including but not limited to seismic data, reservoir data, and other intellectual property transferred to Sonangol or in Sonangol's possession, necessary to calculate the Cash Value under the Whitton ORA (the "Cash Value Information"). If for any reason, at any time, Cobalt asserts that it lacks the Cash Value Information necessary to calculate the Cash Value, Cobalt shall nonetheless be required to proceed with calculating the Cash Value as set forth in Clause 8.1, and cooperate in the calculation of the Cash Value with information available to it. Moreover, Cobalt shall be required to disclose the Cash Value Information in its possession to Whitton and any independent experts and/or tribunals engaged to determine the Cash Value for the limited purpose of determining the Cash Value as set forth in Clause 8.1 of the Whitton ORA.

9. The Debtors shall cause the $500 million settlement payment or any portion thereof actually received from Sonangol to be deposited into a segregated depository account located in the United States established and maintained by the Angolan Subsidiaries. Nothing in this Order shall enlarge, abridge, or otherwise modify any interested party's rights, claims, and/or defenses with respect to the settlement payment, or any security interest or lien in the underlying assets or settlement payment or proceeds, which security interests and liens, if any, shall attach to any such payment or proceeds. No distributions or transfers shall be made from the segregated depository account absent further order of this Court.

10. Notwithstanding anything in this Order to the contrary, the Debtors are not authorized by this Court to enter into any agreement that results in less than $500 million to be

transferred into accounts in the United States at the times and under the conditions set forth in the Settlement Agreement.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: **1-25**, 2018
Houston, Texas

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

5

## Exhibit 1

Settlement Agreement

## AGREEMENT

This Agreement is made by way of deed (this "**Deed**") on 19th December 2017 by and among:

(1) **Cobalt International Energy Angola Ltd ("Cobalt")**;

(2) **CIE Angola Bock 9 Ltd ("Block 9 Co")**;

(3) **CIE Angola Bock 20 Ltd ("Block 20 Co")**;

(4) **CIE Angola Block 21 Ltd ("Block 21 Co")**;

(5) **Sociedade Nacional de Combustíveis de Angola - Empresa Pública (Sonangol E.P.) ("Sonangol")**; and

(6) **Sonangol Pesquisa e Produção, S.A. ("Sonangol P&P")**,

Each a "**Party**" and together the "**Parties**".

1. Cobalt and Sonangol entered into a purchase and sale agreement (the "**PSA**") on 22 August 2015 pursuant to which Cobalt agreed to sell and Sonangol agreed to purchase Block 20 Co and Block 21 Co. The condition precedent under the PSA was not satisfied within the specified period, and the PSA terminated on 22 August 2016.

2. Cobalt and Sonangol are the Parties to arbitration proceedings brought by Cobalt against Sonangol under the Rules of Arbitration of the International Chamber of Commerce (ICC Case No. 22781/TO) (the "**PSA Action**").

3. Block 21 Co and Sonangol P&P are the Parties to arbitration proceedings brought by Block 21 Co against Sonangol P&P under the Rules of Arbitration of the International Chamber of Commerce (ICC Case No. 22782/TO) (the "**JOA Action**").

4. Sonangol and Cobalt agree to resolve all disputes and compromise, settle, and release all debts and obligations to each other and their Affiliates and to transition Cobalt's interests Block 20 and Block 21 Angola to Sonangol in consideration of payment of five hundred million United States Dollars from Sonangol to Cobalt in accordance with this Deed and the terms and obligations set forth herein.

5. Upon approval of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") as set forth in Paragraph 10, Sonangol shall pay to Cobalt, not later than 23rd February 2018, one hundred and fifty million United States Dollars to the bank account that Cobalt will notify to Sonangol and, if Sonangol does not pay such one hundred and fifty million United States Dollars in accordance with this Clause 5 this Deed, shall immediately and automatically terminate, without notice from any Party to the other Parties;

6. Within forty-eight (48) hours of Cobalt's receipt of the one hundred and fifty million United States Dollars in full from Sonangol in accordance with Clause 5 of this Deed:

    (a) Block 21 Co and Sonangol P&P shall notify the arbitral tribunal in the arbitration proceedings in the JOA Action of their agreement to terminate the JOA Action with no order as to costs and with prejudice to all claims, costs



and damages asserted by Block 21 Co and/or Sonangol P&P in connection with the JOA Action; and

(b) Cobalt and Sonangol shall notify the arbitral tribunal in the arbitration proceedings in the PSA Action of their agreement to extend the procedural timetable for the PSA Action by an additional four (4) months.

7. From the execution date of this Deed Sonangol and Cobalt shall each negotiate with the other in good faith and using reasonable endeavours in order to enter into such definitive documents as are necessary to implement as soon as possible Cobalt's exit from Angola and to extinguish and release all debts, obligations and liabilities of each of Sonangol and Cobalt to each other that are not by this Deed themselves hereby extinguished. In connection with the matters set out in this Deed including this Clause 7, Sonangol shall pay to Cobalt three hundred and fifty million United States Dollars as from 23rd February 2018 but not later than 1st July 2018 to the bank account that Cobalt will notify to Sonangol.

8. Within forty-eight (48) hours of Cobalt's receipt in full from Sonangol of three hundred and fifty million United States Dollars in accordance with Clause 7 Cobalt and Sonangol shall notify the arbitral tribunal in the arbitration proceedings in the PSA Action of their agreement to terminate the PSA Action with no order as to costs and with prejudice to all claims, costs and damages asserted by Cobalt and/or Sonangol at any time in connection with the PSA Action.

9. Immediately following the execution of this Deed, Sonangol and Cobalt shall issue a joint press release setting out their agreement to the matters contained in this Deed and their intention to achieve its positive outcome when performed by them and their applicable Affiliates.

10. Notwithstanding anything to the contrary herein, the Cobalt Parties' obligations under this Deed are subject to approval in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). The Cobalt Parties will seek Bankruptcy Court approval of this Deed as soon as reasonably practicable following the execution of this Deed.

11. Each party to this Agreement shall pay its costs and expenses incurred in connection with the two (2) arbitration proceedings brought by Cobalt, against Sonangol (ICC Case No. 22781/TO) and against Sonangol P&P (ICC Case No. 22782/TO).

12. Upon Cobalt's receipt of the payment referred to in Clause 7, no additional costs shall arise with respect to the matters contained in this Deed and all disputes, debts and obligations to each other and their affiliates shall be released.

13. Capitalised terms used in this Deed but not defined herein have the meaning given in the PSA. The provisions of clauses 7 (*Assignment*), 8 (*Notices*), 9.1 (*Entire Agreement*), 9.2 (*Counterparts*), 9.3 (*Sovereign Immunity*) and 10.2 (*Arbitration*) of the PSA are incorporated into this Deed, *mutatis mutandis*, as if expressly set out herein.



2

**Executed and delivered as a deed** by the Parties on the date first above written:

| COBALT INTERNATIONAL ENERGY ANGOLA LTD. | CIE ANGOLA BLOCK 9 LTD. | CIE ANGOLA BLOCK 20 LTD. |
|---|---|---|
| Name: TIM CUTT<br>Title: COBACT INTL. INC<br>Date: 12/19/2017 | Name: TIM CUTT<br>Title: CEO COBTLT INTL INC<br>Date: 12/19/2017 | Name: TIM CUTT<br>Title: CEO COBTLT INTL INC<br>Date: 12/19/2017 |
| **CIE ANGOLA BLOCK 21 LTD.**<br><br>Name: TIM CUTT<br>Title: CEO COBOLT Intl Int<br>Date: 12/19/2017 | **SOCIEDADE NACIONAL DE COMBUSTÍVEIS DE ANGOLA - EMPRESA PÚBLICA (SONANGOL E.P.)**<br><br>Name: CARLOS SATURNINO<br>Title: Chairman & CEO<br>Date: 23-12-17 | **SONANGOL PESQUISA E PRODUÇÃO, S.A.**<br><br>Name: CARLOS SATURNINO<br>Title: Chairman & CEO<br>Date: 19-12-17 |
|  |  | **SONANGOL PESQUISA E PRODUÇÃO, S.A.**<br><br>Name: Rosârio Isaac<br>Title: Board Member<br>Date: 19-12-17 |

3

