**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COBALT INTERNATIONAL ENERGY, INC., *et al.*,[1] | ) | Case No. 17-36709 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) SETTING BAR DATES FOR FILING PROOFS
OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER
SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES
BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING
THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING
SECTION 503(B)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 22, 2018 AT 9:00 A.M. (CST) IN COURTROOM 404, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order"), (a) approving the Bar Dates, the Proof of Claim Form, the Bar Date Notice, and the Publication Notice (each as defined below), and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002(a)(7), 2002(f), 2002(l), 3003(c), and 5005(a), and rule 3003-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

4.      The Debtors are a publicly held offshore oil exploration and production company with headquarters in Houston, Texas and operations primarily located off the coast of the United States in the deepwater of the Gulf of Mexico and offshore Angola and Gabon in West Africa. The Debtors have four named discoveries in the Gulf of Mexico, which include North Platte, Shenandoah, Anchor, and Heidelberg. Heidelberg began initial production in January of 2016 while North Platte, Shenandoah, and Anchor are currently being appraised.  Additionally, the

Debtors have made seven aggregate discoveries in offshore Angola and maintain a non-operated interest in offshore Gabon, where the Debtors have one discovery.

5.       On December 14, 2017 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 33]. On December 21, 2017, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 117].  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David D. Powell, Chief Financial Officer of Cobalt International Energy, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed on December 14, 2017 [Docket No. 16].

## The Bar Dates

**I.       The Claims Bar Date**.

6.       Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date and whose claim is neither scheduled in the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") nor listed on the Schedules as disputed, contingent, or unliquidated must file a proof of claim.

Consistent with the extension previously granted by the Court, the Debtors filed their Schedules on the date hereof.[2]

7.      Therefore, the Debtors request that the Court establish **March 19, 2018, at 5:00 p.m., prevailing Central Time**, as the last date and time for each entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim") against any Debtor (the "Claims Bar Date").[3]  Notably, on March 30, 2018 (or as soon thereafter), the Debtors anticipate having a hearing to consider confirmation of a plan of reorganization that contemplates a sale of all or substantially all of the Debtors' assets.[4] Establishing the Claims Bar Date before such date will help to ensure a comprehensive reorganization and allow all parties entitled to notice to be properly identified and served.

8.      The Claims Bar Date would be the date and time by which all entities must submit Proofs of Claim, including requests for payment under section 503(b)(9), so that such Proofs of Claim are **actually received** by the Debtors' claims agent, Kurtzman Carson Consultants LLC

---

[2]    The *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Rule 2015.3 Financial Reports (II) Waiving the Requirement to File a List of Equity Security Holders, and (III) Granting Related Relief* [Docket No. 58] set Sunday, January 28, 2018, as the deadline to file the Schedules.  Pursuant to Bankruptcy Rule 9006(a), the deadline to file Schedules is automatically extended to January 29, 2018.

[3]    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings given to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    See Debtors' *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling an Auction, (III) Approving the Form and Manner of Notice Thereof, (IV) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Disclosure Statement and Plan Confirmation, and (V) Granting Related Relief* [Docket No. 299].

("KCC"), unless such entity's claim falls within one of the exceptions set forth in this motion. Subject to these exceptions, the Claims Bar Date will apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

## II.      The Governmental Bar Date.

9.      Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide."  11 U.S.C. § 502(b)(9).

10.      The Debtors, therefore, request that the Court establish ***June 12, 2018, at 5:00 p.m., prevailing Central Time***, as the last date and time for any governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date").  The proposed Governmental Bar Date is at least 180 days from the Petition Date.

11.      The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors would be required to file Proofs of Claim, so that such Proofs of Claim are actually received by KCC by the Governmental Bar Date.

## III.      Rejection Damages Bar Date.

12.      In addition to the Claims Bar Date and the Governmental Bar Date, the Debtors request that the Court establish a bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors on the later of (a) the Claims Bar Date or the

Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors (such later date, the "Rejection Damages Bar Date").

**IV.    Amended Schedules Bar Date**.

13.    In the event that the Debtors amend their Schedules, the Debtors request that the Court establish the deadline by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claims, so that such Proofs of Claim are actually received by KCC at the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is 30 days from the date on which the Debtors mail notice of the amendment to the Schedules (the "Amended Schedules Bar Date" and, together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates").

**Procedures for Filing Proofs of Claim**

**I.    Parties Required to File Proofs of Claim**.

14.    Except as otherwise set forth herein, the Debtors respectfully request that the Court require each of the following entities holding claims against the Debtors arising before the Petition Date to file Proofs of Claim on or before the applicable Bar Date:

a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.    any entity that believes its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and

6

that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

d.    any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; and

e.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II.    Parties Not Required to File Proofs of Claim by the Claims Bar Date.

15.    The Debtors request that the Court exempt the following entities, to the extent required by the Bankruptcy Code, from any requirement to file a Proof of Claim before the applicable Bar Date:

a.    any entity that already has filed a signed Proof of Claim against the applicable Debtor with the clerk of the court or with KCC in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled by the Debtors as "disputed," "contingent," or "unliquidated"; (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by a final order of the Court, including any claim allowed pursuant to any order entered by this Court authorizing the use of cash collateral;

d.    any Debtor having a claim against another Debtor;

e.    any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

f.    a current employee of the Debtors for any claim related to wages, commissions, or benefits; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

7

g.     any entity holding a claim for which a separate deadline is fixed by this Court;

h.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

i.     any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtors' use of cash collateral;

j.     any holder of a claim under the first lien Indenture; *provided* that the indenture trustee shall file one master proof of claim by the Claims Bar Date with regard to all the claims thereunder;

k.     any holder of a claim under the second lien Indenture; *provided* that the indenture trustee shall file one master proof of claim by the Claims Bar Date with regard to all the claims thereunder;

l.     any holder of a claim under the 2.625% senior convertible notes Indenture; *provided* that the indenture trustee shall file one master proof of claim by the Claims Bar Date with regard to all the claims thereunder; and

m.     any holder of a claim under the 3.125% senior convertible notes Indenture; *provided* that the indenture trustee shall file one master proof of claim by the Claims Bar Date with regard to all the claims thereunder.

16.    No entity wishing to assert an interest in a Debtor shall be required to file a proof of interest; *provided* that any such entity wishing to assert a claim, including related to its status as an equity holder, must file a Proof of Claim unless otherwise exempted by the Bar Date Order.

**III.    Form of Proof of Claim**.

17.    The Debtors have prepared and request that the Court approve forms for filing a Proof of Claim based on Official Form 410 that the Debtors have modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code substantially in the form annexed as **Exhibit 1** to **Exhibit A** attached hereto (the "Proof of Claim Form").  The Debtors

propose to provide each of the creditors listed on the Debtors' Schedules with a personalized Proof of Claim Form, which will set forth the following: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

18.     If the creditor disagrees with information set forth on the personalized Proof of Claim Form, the creditor is required to file a Proof of Claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim. Additionally, creditors may choose not to use the personalized Proof of Claim Form and, instead, submit Proofs of Claim on Official Form 410 as and to the extent provided in the Bar Date Order.

**IV.     Requirements for Preparing and Filing Proofs of Claim**.

19.     With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.     ***Contents***.  Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.     ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.     ***Electronic Signatures Permitted***.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies

of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.   ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor will be deemed as filed only against Cobalt International Energy, Inc.

e.   ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against ***only one*** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Cobalt International Energy, Inc.

f.   ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten (10) days from the date of such request.

g.   ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, and ***actually received*** by KCC by either (a) electronic submission through the interface available at https://www.kccllc.net/cobalt or (b) non-electronic means, such as U.S. Mail or other hand delivery system, to the following address:

Cobalt International Energy, Inc.
Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue,
El Segundo, California 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   ***Receipt of Service***.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC) and (ii) a self-addressed, stamped envelope.

### Consequences of Failure to File a Proof of Claim

20.　　Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.　Moreover, such creditor shall be prohibited from voting to accept or reject any plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

### Procedures for Providing Notice of the Bar Dates

21.　　The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates:

**I.　　Mailing of Bar Date Notices**.

22.　　Pursuant to Bankruptcy Rule 2002(a)(7), no later than three business days after either the Court enters the Bar Date Order or the Debtors file their Schedules, whichever is later, the Debtors propose to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** to **Exhibit A** attached hereto (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be served via email, facsimile, or first class mail to the following entities (or their respective counsel, if known):

　　　　a.　　the U.S. Trustee;

　　　　b.　　counsel to the committee of unsecured creditors;

11

c.      the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claim;

d.      the indenture trustees under and all known holders of the Debtors': (i) first lien notes; (ii) second lien notes; (iii) 2.65% senior convertible notes; and (iv) 3.125% senior convertible notes;

e.      counsel for parties referenced in clause (d);

f.      all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

g.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

h.      all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

i.      all known non-Debtor equity holders of the Debtors as of the date the Bar Date Order is entered;

j.      all entities who are party to executory contracts and unexpired leases with the Debtors;

k.      all entities who are party to litigation with the Debtors;

l.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);[5]

m.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

n.      the Offices of the Attorney General for each of the states in which the Debtors operate;

o.      the Internal Revenue Service;

p.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

---

[5]      As set forth herein, the proposed Bar Date Order grants current employees authority to file a proof of claim with personally identifiable information redacted.

q.      the Securities and Exchange Commission;

r.      the Executive Office for United States Attorneys; and

s.      the Office of the United States Attorney for the Southern District of Texas.

23.     The proposed Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  The Debtors request the Court approve the use of the Bar Date Notice as set forth in this motion.

**II.     Supplemental Mailings**.

24.     After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and, instead, return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known after the initial mailing of the Bar Date Package.

25.     In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances as soon as reasonably practicable after entry of the Bar Date Order, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.  To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

### III.    Publication Notice.

26.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  The Debtors propose to publish the Bar Date Notice as soon as reasonably practicable after entry of the Bar Date Order and in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form annexed as **Exhibit 4** to **Exhibit A** attached hereto (the "Publication Notice"), on one occasion in the *New York Times* (National Edition) and the *Houston Chronicle*.

27.    The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website maintained by the Debtors' noticing agent at which creditors may obtain a copy of a Proof of Claim Form, https://www.kccllc.net/cobalt, information concerning the procedures and appropriate deadlines for filing Proofs of Claim, and contact information for the Debtors regarding questions about the Debtors' claims process.

### Basis for Relief

### I.    Redaction of Certain Confidential Information.

28.    Bankruptcy Rule 5003 requires the clerk of court to maintain a list of claims in a publicly available claims register.  Proofs of claim forms, as well as supporting documentation evidencing the claim, often contain personal information such as the creditor's name and address.

Section 107(c)(1) of the Bankruptcy Code provides that:

> the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

14

(A) [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].

(B) [o]ther information contained in a paper described in subparagraph (A).

The Debtors respectfully submit that cause exists for the Court to authorize employees to file a redacted Proof of Claim Form, which does not disclose personally identifiable information, with KCC, provided that employees also serve an unredacted Proof of Claim upon co-counsel to the Debtors, Kirkland & Ellis LLP.  If an employee files an unredacted Proof of Claim with KCC, the Debtors will take reasonable steps to redact such information on the publicly-available claims register.  Such information could be used to perpetrate identity theft or unlawful injury to an individual.

## II.    Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases.

29.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21-days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Bankruptcy Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

30.    More specifically, while Bankruptcy Local Rule 3003-1(a) establishes the default rule that a claimant must file a proof of claim in a chapter 11 case within 90 days of the petition

date, Bankruptcy Local Rule 3003-1(b) provides that this default rule does not apply in complex chapter 11 cases, and these chapter 11 cases have been so designated.[6]

31.     It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  The claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate.  *See Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781 (5th Cir. 1990).  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate."  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

32.     The procedures described herein are critical to provide the Debtors and parties in interest with additional certainty as to plan distributions in advance of the confirmation hearing in these chapter 11 cases. The requested procedures will allow the Debtors to identify and address any currently unknown claims that may threaten their reorganization.  In other words, the Bar Dates maximize the benefits of the chapter 11 process.

33.     Moreover, the Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary or protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the

---

[6]     *See Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [Docket No. 37].

claims process for all parties. Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

**III.     The Proposed Notice Procedures Are Reasonable and Appropriate**.

34.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21-days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).  Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement other notice.  Finally, Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

35.     In conjunction with setting deadlines to file Proofs of Claim, the Debtors must give appropriate notice to interested parties.  The Debtors propose to mail the Bar Date Notice to their known creditors and rely on publication to give notice to its unknown creditors.  This procedure is consistent with applicable case law.  *See, e.g.*, *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950).

36.     More specifically, where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v.*

17

*Adams*, 462 U.S. 791, 798 n.4 (1983).   But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process."  *See Mullane*, 339 U.S. at 317–18.

37.     The Debtors propose to cause a written notice of the Bar Date Package to be served via email, facsimile, or first class mail no later than three business days after either the Court enters the Bar Date Order or the Debtors file their Schedules, whichever is later, to maximize efficiency by providing personalized Proof of Claim Forms based on the Debtor's Schedules.  This date will provide notice that is reasonable and in line with notice provided in cases of similar scope and complexity.  *See, e.g. In re Seadrill Ltd.*, No. 17-60079 (DRJ) (Bankr. S.D. Tex. Oct. 31, 2017) (establishing a bar date that was 64 days after the entry of the bar date order); *In re GenOn Energy, Inc.*, No. 17-33695 (DRJ) (Bankr. S.D. Tex. Aug. 2, 2017) (establishing a bar date that was 44 days after entry of the bar date order); *In re EMAS CHIYODA Subsea Ltd.*, No. 17-31146 (MI) (Bankr. S.D. Tex. Mar. 28, 2017) (establishing a bar date that was 48 days after entry of the bar date order); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. Sept. 25, 2016) (establishing a bar date that was 44 days after entry of the bar date order); *In re Linn Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. Aug. 4, 2016) (establishing a bar date that was 43 days after entry of the bar date order); *In re SandRidge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. June 30, 2016) (establishing an initial bar date that was 22 days after entry of the bar date order); *In re Midstates Petrol. Corp.*, No. 16-32237 (DRJ) (Bankr. S.D. Tex. June 15, 2016) (establishing a bar date that was 37 days after entry of the bar date order).

38.     In addition, requiring entities that are asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity,

and amount of such section 503(b)(9) claims while affording such parties appropriate and adequate notice.  Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.

39.     The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the Bar Dates is justified and warranted under the circumstances of these chapter 11 cases.  Indeed, this Court routinely fixes bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re Seadrill Ltd*., No. 17-60079 (DRJ) (Bankr. S.D. Tex. Oct. 31, 2017); *In re GenOn Energy, Inc.*, No. 17-33695 (DRJ) (Bankr. S.D. Tex. Aug. 2, 2017); *In re EMAS CHIYODA Subsea Ltd*., No. 17-31146 (MI) (Bankr. S.D. Tex. Mar. 28, 2017); *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. Sept. 25, 2016); *In re Linn Energy, LLC*, No. 16-60040 (Bankr. S.D. Tex. Aug. 4, 2016); *In re SandRidge Energy, Inc.*, No. 16-32488 (DRJ) (Bankr. S.D. Tex. June 30, 2016); *In re Midstates Petrol. Corp.*, No. 16-32237 (DRJ) (Bankr. S.D. Tex. June 15, 2016); *In re Sherwin Alumina Co.*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Feb. 10, 2016); *In re RAAM Glob. Energy Co.*, No. 15-35615 (MI) (Bankr. S.D. Tex. Dec. 22, 2015); *In re Autoseis, Inc.*, No. 14-20130 (RSS) (Bankr. S.D. Tex. May 20, 2014).[7]

40.     The Debtors submit that the relief requested herein provides for clear notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.

---

[7]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' counsel.

Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

41.     The Debtors will provide notice of this motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) counsel to the official committee of unsecured creditors; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) the indenture trustee for the Debtors' first lien notes; (e) the indenture trustee for the Debtors' second lien notes; (f) the indenture trustee for the Debtors' 2.625% senior convertible notes; (g) the indenture trustee for the Debtors' 3.125% senior convertible notes; (h) counsel to the parties referenced in clauses (d) to (g); (i) the United States Attorney's Office for the Southern District of Texas;  (j) the  Internal  Revenue  Service;  (k) the  United  States  Securities  and  Exchange Commission; (l) the state attorneys general for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
Dated: January 29, 2018

*/s/ Zack A. Clement*
Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston, Texas 77025
Telephone: (832) 274-7629

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
W. Benjamin Winger (admitted *pro hac vice*)
Laura Krucks (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

### **Certificate of Service**

I certify that on January 29, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Zack A. Clement*
Zack A. Clement