IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| COBALT INTERNATIONAL ENERGY, INC., *et al.*,[1] | ) Case No. 17-36709 (MI) |
| Debtors. | ) (Jointly Administered) |

**DEBTORS' *EMERGENCY* MOTION FOR ENTRY OF AN ORDER
(I) CONTINUING THE HEARING TO APPROVE THE DISCLOSURE
STATEMENT (II) SHORTENING THE PERIOD TO FILE PLAN OBJECTIONS,
AND (III) SHORTENING THE NOTICE REQUIREMENTS RELATED THERETO**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. THE DEBTORS ARE REQUESTING SUCH RELIEF BY FEBRUARY 22, 2018.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

**Introduction**

1. The Debtors' chapter 11 process continues to proceed along the path the Debtors laid out from the beginning of these cases. More specifically, the Debtors' marketing and sale process is well underway, with bids expected to be submitted this week. In addition, the Debtors have filed a plan and disclosure statement and have engaged in constructive discussions with all key stakeholders about significant plan issues.

2. To facilitate those ongoing discussions and potentially avoid unnecessary and distracting disputes regarding approval of the Debtors' disclosure statement and solicitation of the plan, the Debtors have agreed to seek a continuance of the disclosure statement hearing from February 22 to *March 8, 2018*, provided that their current confirmation schedule otherwise holds. This request requires shortening the period set forth under Bankruptcy Rule 2002(b)(2) for objections to the Debtors' plan and notice of the hearing to consider confirmation of the plan.

3. As the Debtors have made clear from day one of these cases, the Debtors need to proceed to confirmation expeditiously. The success of the Debtors' marketing and sale efforts depend in large part on maintaining the existing confirmation date of March 30, 2018, to deliver the Debtors' assets to one or more purchasers with enough time to comply with regulatory requirements and satisfy other conditions to preserving the Debtors' leases.

4. Moreover, while taking these cases to confirmation on March 30 is critical, there is a real benefit to taking additional time to resolve outstanding issues. Proceeding with the disclosure statement hearing and plan solicitation in the face of open disputes with parties at every level of the Debtors' capital structure will not serve the best interests of the Debtors or their stakeholders. On the other hand, permitting the Debtors and other parties in interest an additional two weeks hopefully to complete negotiations regarding plan issues will avoid unnecessary cost and distraction.

5. Accordingly, while the Debtors acknowledge that shortened notice in the plan confirmation context is extraordinary relief, the Debtors respectfully submit that the facts and circumstances of these chapter 11 cases absolutely warrant such relief. The Debtors believe that confirming the plan on the modified schedule set forth herein (including the shortening of notice related thereto) is the best use of estate resources and is in the best interests of the Debtors, their estates, and all stakeholders. Importantly, certain key constituents support the relief requested herein, including the creditors' committee, the ad hoc group of second lien noteholders, and the ad hoc committee of unsecured noteholders. Other key stakeholders, including the first lien indenture trustee and the ad hoc first lien group, have discussed this motion with the Debtors, and continue to discuss among themselves and their constituents, but have not yet determined whether they will consent to the relief requested herein.

**Jurisdiction, Venue, and Procedural Background**

6. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the court in connection with this motion to the extent that it is later determined that the court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, rules 2002, 3016, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2002-1, 3016-1, 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and

the *Procedures for Complex Chapter 11 Bankruptcy Cases for the United States Bankruptcy Court for the Southern District of Texas* (the "Complex Chapter 11 Procedures").

8. On December 14, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 33]. On December 21, 2017, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 117]. A detailed description surrounding the facts and circumstances of the chapter 11 cases is set forth in the *Declaration of David D. Powell, Chief Financial Officer of Cobalt International Energy, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed on December 14, 2017 [Docket No. 16].

9. On January 25, 2018 the court entered the *Order (I) Approving Bidding Procedures for the Sale of the Debtors' Assets, (II) Scheduling an Auction, (III) Approving the Form and Manner of Notice Thereof, (IV) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Disclosure Statement and Plan Confirmation and (V) Granting Related Relief* [Docket No. 299] (the "Bidding Procedures and Scheduling Order"), which set forth the following dates and deadlines in connection with the approval of the Debtors' disclosure statement and plan confirmation:

| Event | Date |
|---|---|
| Disclosure Statement Objection Deadline | February 20, 2018, at 4:00 p.m., prevailing Central Time |
| Disclosure Statement Hearing | February 22, 2018, at 9:00 a.m., prevailing Central Time |

4

| Event | Date |
|---|---|
| Solicitation Deadline | February 26, 2018 |
| Voting Deadline | March 26, 2018, at 4:00 p.m., prevailing Central Time |
| Plan Objection Deadline | March 26, 2018, at 4:00 p.m., prevailing Central Time |
| Deadline to File Confirmation Brief | March 28, 2018 at 4:00 p.m., prevailing Central Time |
| Confirmation Hearing Date | March 30, 2018, at 9:30 a.m., prevailing Central Time |

## Relief Requested

10.   By this motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) continuing the hearing on the disclosure statement; (b) shortening the period set forth under Bankruptcy Rule 2002(b)(2) for objections to the Debtors' plan and notice of the hearing to consider confirmation of the plan (the "Plan Objection Deadline" and the "Confirmation Hearing," respectively); and (c) shortening the notice requirements related thereto.  To the extent the court declines to grant the relief requested herein, the Debtors are prepared to move forward and seek approval of the disclosure statement and related solicitation procedures at the hearing currently scheduled for February 22, 2018.

## Basis for Relief

**I.   Shortening the Plan Objection Deadline and the Notice Requirements Related Thereto Is Reasonable and Appropriate.**

11.   Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto."  Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."

12.   Similarly, Bankruptcy Rule 2002(b) provides that notice shall be given to "the

5

debtor, the trustee, all creditors and indenture trustees [of] not less than 28 days . . . by mail of the time fixed for filing objections and the hearing to consider approval of a disclosure statement or, under § 1125(f), to make a final determination whether the plan provides adequate information so that a separate disclosure statement is not necessary." Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."

13. A court may, however, shorten such notice periods pursuant to Bankruptcy Rule 9006(c) for cause shown. Specifically, Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).

14. Further, Section 6 of the Complex Chapter 11 Procedures allows the court to shorten the time for notice of the disclosure statement and/or the confirmation hearing upon the consideration of several factors, which include the following: (a) whether shortened notice is necessary for a successful reorganization; (b) the terms and complexity of the proposed plan; (c) the extent to which the proposed plan is consensual; (d) whether the plan proposes to distribute cash proceeds of assets pursuant to the priorities of section 726 of the Bankruptcy Code, and (e) whether a class treated under section 1129(b) of the Bankruptcy Code receives due process if not given 25 days' notice.

15. By this motion, the Debtors respectfully request the court continue the hearing to consider approval of the disclosure statement until ***March 8, 2018***, extend the objection deadline related thereto through ***March 2, 2018***, at 4:00 p.m. prevailing Central Time, and extend the deadline to commence solicitation through ***March 12, 2018***. The Debtors request that the remainder of the schedule set forth in the Bidding Procedures and Scheduling Order remain intact,

as set forth below:

| Event | Date |
| --- | --- |
| Disclosure Statement Objection Deadline | March 2, 2018, at 4:00 p.m., prevailing Central Time |
| Voting Record Date | March 5, 2018 |
| Disclosure Statement Hearing | March 8, 2018, at 9:00 a.m., prevailing Central Time |
| Solicitation Deadline | March 12, 2018 |
| Voting Deadline | March 26, 2018, at 4:00 p.m., prevailing Central Time |
| Plan Objection Deadline | March 26, 2018, at 4:00 p.m., prevailing Central Time |
| Deadline to File Confirmation Brief | March 28, 2018 at 4:00 p.m., prevailing Central Time |
| Confirmation Hearing Date | March 30, 2018, at 9:30 a.m., prevailing Central Time |

16. It is appropriate to shorten the notice requirements for the Confirmation Hearing and the Plan Objection Deadline in accordance with section 9006(c)(1) of the Bankruptcy Code and Section 6 of the Complex Chapter 11 Procedures.

17. *First*, the relief requested herein is necessary to accomplish a value maximizing sale transaction on a timeline that allows a winning bidder or bidders sufficient time to comply with any impending regulatory deadlines. Because of upcoming lease expirations jeopardizing certain of the Debtors' offshore assets, the sale process and the Debtors' efforts to preserve value for the benefit of all stakeholders will be at considerable risk if the confirmation hearing is extended beyond March 30, 2018. If the Plan is not confirmed and consummated on the current schedule, the Debtors may not be able to realize the full value of their assets, thereby reducing recoveries for all stakeholders.

18. *Second*, a plan has been on file in these chapter 11 cases since January 23, 2018. The terms of the proposed plan are straightforward and provide for a distribution of the

Debtors' available cash and any sale proceeds in accordance with the priority scheme set forth in section 726 of the Bankruptcy Code. Voting parties are already familiar with the general terms of the plan and will not be prejudiced by the modified confirmation schedule. The Debtors' stakeholders have even had the opportunity to object to the plan and disclosure statement (and in fact, several parties did file objections to the disclosure statement). As a result, no party should require additional time.

19. **Third**, the relief requested herein is supported by certain of the Debtors' key stakeholders. Parties including the creditors' committee, the ad hoc group of second lien noteholders, and the ad hoc committee of unsecured noteholders have agreed to and support the continuance and shortened notice necessary to hold the March 30 confirmation hearing date. Additional time will offer the Debtors the opportunity to continue to engage in discussions with these and other stakeholders and potentially resolve disclosure statement and confirmation issues consensually.

20. The modified schedule will provide holders of claims entitled to vote on the plan with 14 days to review and analyze the solicitation materials and make an informed decision to vote to accept or reject the plan in advance of the voting deadline. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain holders of claims).

21. Courts in this district and others have shortened the notice requirements and approved expedited confirmation schedules under appropriate circumstances. *See, e.g.*, *In re Holland*, 85 B.R. 735, 737 (Bankr. W.D. Tex. 1988) (shortening notice of disclosure statement hearing from 25 days to 15 days so that creditor's motion to dismiss could be heard

contemporaneously: "The court therefore has the power to reduce the time periods set out in Bankruptcy Rule 2002(b) for giving notice of hearing on the approval of a disclosure statement and for giving notice of hearing on confirmation of a plan."); *In re Tim Wargo & Sons, Inc.*, 107 B.R. 622, 625 (Bankr. E.D. Ark. 1989) (court may use Rule 9006 to shorten time to notify creditors of modification); *In re Cross Canyon Energy Corp.*, No. 10-30747 (Bankr. S.D. Tex. Mar. 11, 2010) (approving solicitation procedures with voting period of one day where holders of claims and interests entitled to vote were familiar with the restructuring efforts and the plan); *In re Transcoastal Corp.*, No. 15-34956 (Bankr. N.D. Tex. Dec. 18, 2015) (approving solicitation procedures with voting period of two days); *In re Davis Petrol. Corp.*, No. 06-20152 (Bankr. S.D. Tex. Mar. 10, 2006) (approving solicitation procedures with voting period of five days); *In re JGW Holdco, LLC*, No. 09-11731 (Bankr. D. Del. May 22, 2009) (scheduling combined hearing on approval of the disclosure statement and confirmation of the plan approximately 13 days after the petition date); *In re Southcross Holdings, LP*, Case No. 16-20111 (Bankr. S.D. Tex.) (Apr. 11, 2016) (confirming prepackaged chapter 11 plan approximately fifteen days after the petition date); *In re Blue Bird Body Co.*, No. 06-50026 (Bankr. D. Nev. Jan. 27, 2006) (confirming prepackaged chapter 11 plan one day following the petition date); *In re El Comandante Mgmt. Co.*, 359 B.R. 410, 415 (Bankr. D.P.R. 2006) (authorizing three-days' notice when "creditors and parties in interest had a meaningful opportunity to oppose, and in fact did so.").

22. The Debtors believe that continuing the hearing on the approval of the disclosure statement and modifying the confirmation schedule as set forth herein is reasonable under the circumstances of these chapter 11 cases and will not prejudice parties in interest. Accordingly, the Debtors respectfully request that the court continue the hearing on the approval of the disclosure

statement, shorten the period to file plan objections, and shorten the notice requirements related thereto.

**Emergency Consideration**

23.     The Debtors respectfully request emergency consideration of this motion in accordance with Bankruptcy Local Rule 9013-1.  As set forth in this motion and in the First Day Declaration, the ultimate goal of these chapter 11 cases is to maximize the value of the Debtors through one or more value-maximizing sales.  If the court does not grant the relief requested herein on an emergency basis, the Debtors will not be able to confirm their Plan on the current schedule, jeopardizing their assets to the detriment of the Debtors, their bankruptcy estates, and, ultimately, their stakeholders.  The Debtors therefore submit that this relief is critical to maximizing the value of the Debtors' estates and respectfully request that the court approve the relief requested in this motion on an emergency basis.

**Notice**

24.     The Debtors will provide notice of this motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) proposed counsel to the official committee of unsecured creditors; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) the indenture trustee for the Debtors' first lien notes; (e) the indenture trustee for the Debtors' second lien notes; (f) the indenture trustee for the Debtors' 2.625% senior convertible notes; (g) the indenture trustee for the Debtors' 3.125% senior convertible notes; (h) counsel to the parties referenced in clauses (d) to (g); (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

**<u>No Prior Request</u>**

25.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the court deems appropriate under the circumstances.

Houston, Texas
Dated: February 20, 2018

/s/ Zack A. Clement
Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond Street
Houston, Texas 77025
Telephone: (832) 274-7629

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Marc Kieselstein, P.C. (admitted *pro hac vice*)
Chad J. Husnick, P.C. (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
W. Benjamin Winger (admitted *pro hac vice*)
Laura Krucks (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on February 20, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Zack A. Clement*
                                              Zack A. Clement