**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **COBALT INTERNATIONAL ENERGY, INC.** *et al.*,[1] | ) | Case No. 17-36709 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUPPLEMENTAL OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Cobalt International Energy, Inc. *et al.* (the "Debtors") hereby files a supplemental objection (the "Supplemental Objection") to its *Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Joint Chapter 11 Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [Docket No. 450] (the "Objection") to the *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Joint Chapter 11*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

*Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [Docket No. 275] (the "DS Motion") and the *Second Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Cobalt International Energy, Inc. and Its Debtor Affiliates* [Docket No. 464] (the "Second Amended Disclosure Statement"). In support of the Supplemental Objection, the Committee respectfully states as follows:

## I.
## BACKGROUND

1. On December 14, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. On December 21, 2017, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following three members: (a) Wells Fargo Bank, National Association; (b) Baker Hughes, a GE Company; and (c) Schlumberger Technology Corporation.

3. On January 23, 2018, the Debtors filed their *Joint Chapter 11 Plan of Cobalt International Energy, Inc. and its Debtor Affiliates* [Docket No. 273] (the "Original Plan") and *Disclosure Statement for the Joint Chapter 11 Plan of Cobalt International Energy, Inc. and Its Debtor Affiliates* [Docket No. 274] (the "Original Disclosure Statement").

4. On February 19, 2018, the Debtors filed their *Amended Joint Chapter 11 Plan of Cobalt International Energy, Inc. and its Debtor Affiliates* [Docket No. 429] (the "First Amended Plan") and accompanying *Disclosure Statement for the Amended Joint Chapter 11*

2

*Plan of Cobalt International Energy, Inc. and Its Debtor Affiliates* [Docket No. 274] (the "First Amended Disclosure Statement").

5. On February 20, 2018, the Committee filed both a limited objection and, thereafter, the Objection.

6. On February 20, 2018, the deadline to object to the DS Motion and First Amended Disclosure Statement, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Continuing the Hearing to Approve the Disclosure Statement (II) Shortening the Period to File Plan Objections, and (III) Shortening the Notice Requirements Related Thereto* [Docket No. 448]. The Court scheduled a hearing on such motion on February 22, 2018, the date of the scheduled hearing on the DS Motion and First Amended Disclosure Statement.

7. Late on February 21, 2018, the day before the initially scheduled hearing on the First Amended Disclosure Statement, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Cobalt International Energy, Inc. and its Debtor Affiliates* [Docket No. 462] (the "Second Amended Plan") and accompanying Second Amended Disclosure Statement. In the early hours of February 22, 2018, the Debtors filed a revised proposed order approving the Second Amended Disclosure Statement [Docket No. 466].

8. At the hearing on February 22, 2018, the Court agreed to continue the hearing to approve the Debtors' disclosure statement to tomorrow, March 8, 2018. The Court also provided guidance with respect to the proposed release provisions set forth in the prior iterations of the Debtors' plans.

9. On March 6, 2018, the auction with respect to the sale of the Debtors' assets was conducted and concluded.

3

## II.
## OBJECTION

10.     On a daily basis for the last week the Committee has been requesting that the Debtors provide critical information regarding the Second Amended Disclosure Statement, but have yet to receive it.  Specifically, the Committee has requested information regarding the waterfall with the highest initial cash bid amounts included so the Committee could analyze the effect on projected recoveries for creditors under the plan.  The Debtors informed the Committee on March 1, 2018 that such waterfall existed and would be provided.  It was not.  Now that the auction has been conducted, the Debtors simply need to plug in the number from the auction in one line in the waterfall – incoming cash.

11.     The waterfall is critical inasmuch as it will let creditors know what they expect to receive under the plan.  Without such information, creditors will be unable to make a reasonably informed decision with respect to how to vote on the plan and, accordingly, the disclosure statement cannot be approved.  The Committee must be provided with sufficient time to analyze the waterfall, understand its premises, and discuss it with the Debtors.  With fewer than 24 hours before the hearing, and no receipt of the waterfall, the Committee will not have adequate time to do so.

12.     In addition, notwithstanding the Court's guidance at the hearing on February 22, 2018, multiple requests by the Committee, and repeated promises from the Debtors, the Debtors did not provided the Committee with revised language regarding the proposed plan release until this afternoon.  The Committee remains hopeful that all of the parties can reach a consensual resolution of open issues regarding the releases that will satisfy the Committee's and the Court's concerns, but is again left in the dark with no revised documents to review less than 24 hours before the hearing to approve the Debtors' disclosure statement.  This continued course of

DOCS_NY:37424.2 15117/002

conduct by the Debtors violates fundamental due process rights of all constituents and impedes resolution of open issues, including those about which the Court expressed its own concerns. Notwithstanding the foregoing, the Committee will continue to work with the Debtors to evaluate information as and when provided and reserves all of its rights in connection with the Debtors' request to approve the disclosure statement

## III.
## RESERVATION OF RIGHTS

13. The Committee reserves its right to (i) supplement this Objection at or prior to the hearing on the DS Motion and approval of the Second Amended Disclosure Statement and (ii) object to any Disclosure Statement Supplement.

## IV.
## CONCLUSION

Based on the foregoing, the Committee respectfully requests that this Court deny approval of the DS Motion and Second Amended Disclosure Statement absent the changes thereto as set forth in the Objection and this Supplemental Objection and grant such other and further relief as this Court deems appropriate.

Dated:   March 7, 2018

                                          */s/Kenneth Green*
SNOW SPENCE GREEN, LLP
Kenneth Green, Esq. (TX Bar No. 24036677)
2929 Allen Parkway, Suite 2800
Houston, TX 77019
Telephone: (713) 335-4830

*Local Counsel for the Official Committee of Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Steven W. Golden, Esq. (TX Bar No. 24099681)

> 780 Third Ave., 34th Fl.
> New York, NY 10017
> Telephone: (212) 561-7700
>
> Ira Kharasch, Esq. (admitted *pro hac vice*)
> 10100 Santa Monica Boulevard, 13th Floor
> Los Angeles, CA 90067-4100
> Telephone: (310) 277-6910
>
> *Lead Counsel for the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing has been served by electronic transmission to all registered ECF users appearing in this case.

Dated: March 7, 2018
       Houston, TX                    */s/ Kenneth Green*
                                         Kenneth Green