**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| **COBALT INTERNATIONAL ENERGY, INC.**, *et al.*,[1] | ) ) ) | Case No. 17-36709 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS TO CERTAIN PUTATIVE INTERCOMPANY CLAIM**

> **THIS IS AN OBJECTION TO A CERTAIN CLAIM OF A DEBTOR. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW SUCH CLAIM IN THESE BANKRUPTCY CASES. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF AN AGREEMENT IS NOT REACHED, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED, THE CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **A HEARING, IF REQUIRED, WILL BE CONDUCTED ON THIS MATTER IN COURTROOM 404, 4TH FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002, AT A DATE TO BE SEPARATELY NOTICED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

The Official Committee of Unsecured Creditors (the "Committee") of Cobalt International Energy, Inc., and its affiliated debtors (collectively, the "Debtors") files this objection (the "Objection") to the $6.016 billion putative intercompany claim (the "Intercompany Claim") asserted by Debtor Cobalt International Energy, Inc. ("Cobalt Inc.") against Debtor Cobalt International Energy, L.P. ("Cobalt L.P."). In support of its Objection, the Committee states as follows:

## JURISDICTION

1. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for relief requested are sections 105 and 502 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2. On December 14, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

3. On December 21, 2017, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following three members: (a) Wells Fargo Bank, National Association; (b) Baker Hughes, a GE Company; and (c) Schlumberger Technology Corporation.

4. On January 28, 2018, the Debtors filed the *Schedules of Assets and Liabilities for Cobalt International Energy, L.P. (Case No. 17-36711)* [Dkt. No. 335] (the "L.P. Schedules"). In section 3.2 of Schedule E/F of the L.P. Schedules, Cobalt L.P. alleges that it owes Cobalt Inc. $6,016,200,406.57 as a nonpriority unsecured claim (the "Intercompany Claim"). The Intercompany Claim is listed on the L.P. Schedules as contingent, unliquidated, and disputed.

5. On January 29, 2018, the Debtors filed the *Schedules of Assets and Liabilities for Cobalt International Energy, Inc. (Case No. 17-36709)* [Dkt. No. 337] (the "Inc. Schedules").

6. In the *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") preceding both the Inc. Schedules and the L.P. Schedules, the Debtors state as follows:

> **Intercompany Payables and Receivables.** Intercompany payables and receivables between the Debtors and certain non-Debtors are set forth on Schedule E/F or Schedule A/B.77, as applicable, each as of November 30, 2017.
>
> As described more fully in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 10] (the "Cash Management Motion"), Debtor Cobalt International Energy, L.P. maintains a concentration account, which serves as the centralized main operating account, that provides funding to and receives proceeds from the other accounts in the Debtors' cash management system. Further, as set forth in the Cash Management Motion, the Debtors engage in a range of intercompany transactions in the ordinary course of business with Debtors and certain non-Debtors. Thus, intercompany balances as of the Petition Date, as set forth in Schedule E/F or Schedule A/B.77 may not accurately reflect current positions.
>
> The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a

particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in the Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

*Global Notes*, at ¶ 15.

7. On March 8, 2018, the Debtors filed their *Fourth Amended Joint Chapter 11 Plan of Cobalt International Energy, Inc. and its Debtor Affiliates* [Dkt. No. 561] (the "Plan") and associated *Disclosure Statement* [Dkt. No. 562] (the "Disclosure Statement").

8. Pursuant to Article III.B of the Plan, all Allowed Intercompany Claims, including the Intercompany Claim, "shall be treated *pari passu* with General Unsecured Claims against the applicable Debtor and will share in distributions from such Debtor. In lieu of Cash payment to the Debtors holding such Intercompany Claims, the distributions on account of such Intercompany Claims may be made to the creditors of the Debtor holding such Intercompany Claims." *Plan*, at Article III.B.8(b).

**OBJECTION**

**A.      The Intercompany Claim Should Be Disallowed**

9. The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. "A claim . . . , proof of which is filed under section 501 [of the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "A proof of claim executed and filed in accordance with the [Bankruptcy Rules] shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006). Similarly, "the

schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute *prima facie* evidence of the validity and amount of the claims of creditors, ***unless they are scheduled as disputed, contingent, or unliquidated***." Fed. R. Bankr. P. 3003(b)(1) (emphasis added).  Here, the Intercompany Claim was scheduled as disputed, contingent, and unliquidated.  *L.P. Schedules*, at Schedule E/F, § 3.2.  Further, Cobalt Inc. did not file a proof of claim against Cobalt L.P. and the deadline by which proofs of claim must have been filed has passed.  Accordingly, in the first instance, the Intercompany Claim cannot be afforded *prima facie* validity.

    10.  The ultimate burden of proof for a claim always lies with the claimant.  *Armstrong*, 347 B.R. at 583, citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000).  The claimant can usually satisfy this burden by presenting a preponderance of evidence supporting its claim.  But where, as here, the claim is asserted by an insider of the debtor, the creditor's burden is heightened.[2]  In the Fifth Circuit, an insider's dealings with a bankrupt corporation are subject to "rigorous" or "strict" scrutiny.  *In re Fabricators, Inc.*, 926 F.2d 1458, 1465 (5th Cir. 1991) ("A claim arising from the dealings between a debtor and an insider is to be rigorously scrutinized by the courts."); *In re Mobile Steel Co.*, 563 F.2d 692, 701 (5th Cir. 1977) (same); *see also In re Mid-Am. Waste Sys., Inc.*, 284 B.R. 53, 69 (Bankr. D. Del. 2002) ("Although there is an initial presumption of validity that attaches to all claims, claims asserted by insiders or fiduciaries demand closer scrutiny.").

    11.  With the exception of the bare reference to the Intercompany Claim in the L.P. Schedules (and the corresponding reference in the Inc. Schedules), there is absolutely <u>no</u>

---

[2] As an affiliate of Cobalt L.P., Inc. is a statutory insider of Cobalt L.P.  11 U.S.C. § 101(31)(E).

evidence supporting the allegation that there is an actual claim between two Debtor entities for over $6 billion.  There is no agreement listed on Schedule G of either the Inc. Schedules or the L.P. Schedules governing the Intercompany Claim, nor is there any mention of any such agreement governing the Intercompany Claim (such as an allocation agreement) in the Debtors' Cash Management Motion, Disclosure Statement, or in any other filed pleading.

12. In connection with confirmation of the Plan,[3] the Committee served discovery requests upon the Debtors seeking, among other things, "[a]ll Documents and Communications Concerning any Intercompany Claim or any intercompany obligation."  *See* Exhibit A to *Official Committee of Unsecured Creditors of Cobalt International Energy, et al.'s Notice of Service of Discovery on Debtors* [Dkt. No. 591].  The Debtors produced a single document responsive to this request—a spreadsheet allegedly showing intercompany transactions that appears to have been created recently, as opposed to somehow prepared to record the transactions as they occurred.  Notably, the Debtors did not produce any loan documentation, no allocation agreement, or other documents that evidence a *bona fide* debt owed by Cobalt L.P. to Cobalt Inc.



---

[3] The Committee reserves its right to seek additional discovery in connection with this Objection.



████████████████████████████████████████████

████████████████████

14. Accordingly, there is no evidence that the Intercompany Claim is a *bona fide* claim, and the Debtors' burden of proof cannot be met. Thus, the Intercompany Claim should be disallowed.

**B.      Alternatively, The Intercompany Claim Should Be Recharacterized as Equity**

15. In the event that the court does not disallow the Intercompany Claim entirely, it should be classified as an equity interest. Courts in the Fifth Circuit hold that an obligation lacking sufficient documentation—or any documentation as here—will generally be considered equity. *See, e.g., In re Mangia Pizza Invs., L.P.*, 480 B.R. 669, 707 (Bankr. W.D. Tex. 2012) ("There is no note; no terms are defined; and there is no maturity date. The only proof of the existence of a loan is a March 10, 2011 balance sheet, and transaction by account ledger dated February 25, 2011 . . . Sayers' loans in the amount of $89,123.74 are not really loans, but equity in the form of capital contributions."); *see also O'Cheskey v. King* (*In re Am. Hous. Found.*), Adv. No. 11-01233-RLJ, 2015 Bankr. LEXIS 1041, at *43 (Bankr. N.D. Tex. Mar. 31, 2015), *op. amended and supplemented*, 2015 Bankr. LEXIS 2864 (Bankr. N.D. Tex. Aug. 27, 2015) (Although loan documentation is not the only factor courts consider, "[i]f the recipient was capitally thin, then the transaction weighs toward an equity investment.").

16. Under the Fifth Circuit's decision in *Grossman v. Lothian Oil Inc.* (*In re Lothian Oil Inc.*), 650 F.3d 539 (5th Cir. 2011) ("<u>Lothian</u>"), a bankruptcy court has the authority to recharacterize claims as equity if, under applicable state law, such claim would be properly

considered equity.  *Lothian*, 650 F.3d at 543.  Given that the Debtors are headquartered in Texas and the "transactions" in question thus took place in the state, Texas law applies.  To distinguish debt from equity, Texas state courts employ a multi-factor test adopted from federal tax law:

> (1) the intent of the parties; (2) the identity between creditors and shareholders; (3) the extent of participation in management by the holder of the instrument; (4) the ability of the corporation to obtain funds from outside sources; (5) the "thinness" of the capital structure in relation to debt; (6) the risk involved; (7) the formal indicia of the arrangement; (8) the relative position of the obligees as to other creditors regarding the payment of interest and principal; (9) the voting power of the holder of the instrument; (10) the provision of a fixed rate of interest; (11) a contingency on the obligation to repay; (12) the source of the interest payments; (13) the presence or absence of a fixed maturity date; (14) a provision for redemption by the corporation; (15) a provision for redemption at the option of the holder; and (16) the timing of the advance with reference to the organization of the corporation

*Fin Hay Realty Co. v. United States*, 398 F.2d 694, 696 (3d Cir. 1968); *cited by Lothian*, 650 F.3d at 544 (citing *Arch Petroleum v. Sharp*, 958 S.W.2d 475, 477 n.3 (Tex. App. 1997)).  Fundamentally, however, "the various factors 'are only aids in answering the ultimate question whether the investment, analyzed in terms of its economic reality, constitutes risk capital entirely subject to the fortunes of the corporate venture or represents a strict debtor-creditor relationship.'"  *O'Cheskey v. Herring Nat'l Bank* (*In re Am. Hous. Found.*), 520 B.R. 208, 226 (Bankr. N.D. Tex. 2014) (citing *Fin Hay*, 398 F.2d at 687).

17. █████████████████████████████████████

█████████████████████████████████████████

█████  As both of the parties to the Intercompany Claim are Debtors, therefore, the first factor related to the parties' intent weighs in favor of classifying the Intercompany Claim as equity.  Further, nearly all of the above-listed factors depend on a court's evaluation of a written

instrument. Where, as here, there is no instrument to evaluate, all such factors weigh in favor of classifying the investment as equity. Moreover, as previously discussed, there are no formal indicia of the arrangement between Cobalt Inc. and Cobalt L.P., which weighs heavily against classifying the Intercompany Claim as debt. Additionally, even without any formal documentation, the Intercompany Claim did not include interest, which weighs against it being classified as debt. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Accordingly, to the extent that the Court does not disallow the Intercompany Claim entirely, it should be classified as equity, not debt.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that this Court disallow the Intercompany Claim or, in the alternative, characterize the Intercompany Claim as equity, and grant such other and further relief as this Court deems appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 29, 2018

      /s/ Kenneth Green
SNOW SPENCE GREEN, LLP
Kenneth Green, Esq. (TX Bar No. 24036677)
2929 Allen Parkway, Suite 2800
Houston, TX 77019
Telephone: (713) 335-4830

*Local Counsel for the Official
Committee of Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein, Esq. (admitted pro hac vice)
Steven W. Golden, Esq. (TX Bar No. 24099681)
780 Third Ave., 34th Fl.
New York, NY 10017
Telephone: (212) 561-7700

Ira Kharasch, Esq. (admitted pro hac vice)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910

*Lead Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **COBALT INTERNATIONAL ENERGY, INC.**, *et al.*,[1] | ) | Case No. 17-36709 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CERTAIN PUTATIVE INTERCOMPANY CLAIM**

Upon the objection (the "Objection")[2] of the Committee for entry of an order (this "Order") disallowing and expunging the putative $6.016 billion claim (the "Intercompany Claim") asserted by Debtor Cobalt International Energy, Inc. ("Cobalt Inc.") against Debtor Cobalt International Energy, L.P. ("Cobalt L.P.") pursuant to sections 105 and 502(b) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9014, all as more fully set forth in the Objection; and the Court having found that it has jurisdiction over this matter, and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Committee provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

the Objection; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1. The Objection is sustained to the extent set forth herein.

2. The Intercompany Claim is hereby disallowed in its entirety or, in the alternative, reclassified as equity.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2018

THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE