UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **COBALT INTERNATIONAL ENERGY, INC.**, *et al.*,[1] | ) | Case No. 17-36709 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES THERETO**

[Relates to D.I. 601]

The Official Committee of Unsecured Creditors (the "Committee") of Cobalt International Energy, Inc., and its affiliated debtors (collectively, the "Debtors") hereby objects to the *Debtors' Motion for Entry of an Order to Extend Their Exclusive Periods to File A Chapter 11 Plan and Solicit Acceptances Thereof* [Dkt. No. 601] (the "Motion").[2] In support thereof, the Committee respectfully represents:

**Preliminary Statement**

1.      Exclusivity should not be extended for 120 days as requested by the Debtors, but rather terminated to the extent that the Debtors have persisted since the inception of these cases in pursuing confirmation of a plan of liquidation that, among its other defects, proposes to grant blanket direct and third party releases to a long list of past and present officers,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cobalt International Energy, Inc. (1169); Cobalt International Energy GP, LLC (7374); Cobalt International Energy, L.P. (2411); Cobalt GOM LLC (7188); Cobalt GOM # 1 LLC (7262); and Cobalt GOM # 2 LLC (7316). The Debtors' service address is: 920 Memorial City Way, Suite 100, Houston, Texas 77024.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and the *Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Cobalt International Energy, Inc., and its Debtor Affiliates* [Dkt. No. 562] (the "Disclosure Statement").

DOCS_NY:37547.3 15117/002

directors, and controlling equity holders of the Debtors, including present and former officers and directors named as defendants in pending derivative actions belonging to the estates. These releases are being given for no consideration and are simply indefensible in a liquidating chapter 11 case where even the Debtors do not receive a discharge under section 1141(d)(3) of the Bankruptcy Code.

    2.  The Debtors' assertion in their Disclosure Statement that the releases are integral to the plan that accomplishes the sale of their assets and distribution of the proceeds is unsupported by any evidence or logic, and does not withstand scrutiny. What is clear is that the Debtors' insistence on including the release provision in their Plan in the face of creditor protests makes it tantamount to conditioning consummation of the sale of substantially of their assets and distribution of the proceeds to creditors upon the approval of the Releases. Notably, because there is no opt-out for the release of the estates' direct claims against the present and former directors and officers, including those named in the pending Derivative Actions, if creditors are to receive their distributions, the Court must approve a plan that gives away those claims for no consideration. Leveraging creditors in this manner for the benefit of insiders, by conditioning the sale and creditor distributions upon the granting of gratuitous releases to present and former insiders for no consideration, is a misuse of exclusivity. The Committee respectfully submits that unless the Debtors remove the releases from their plan, exclusivity should not be extended as sought by the Motion, but rather terminated.

## Objection

A. *Exclusivity Should Not be Extended but Rather Immediately Terminated*

3. In *In re Texaco, Inc.*, 81 B.R. 806, 812 (Bankr. S.D.N.Y. 1988), the court observed that "plan exclusivity provisions should not be employed as a tactical device to put pressure on parties to yield to a plan they consider unsatisfactory." *Id.* There is simply no reason to condition confirmation of a plan of liquidation on the inclusion of the release provisions or the relinquishment of the estates' potentially valuable claims in the pending Derivative Actions for no consideration. Creditors should not be pressured to give a release to insiders or suffer a reduction of their distribution (by allowing the estates to simply give away the claims in the Derivative Action for no consideration) in order to receive their distribution of the proceeds of the Debtors' operating assets.

4. The Committee has repeatedly urged the Debtors to amend their Plan to address the releases, but the Debtors have rebuffed those requests and the Plan remains unchanged. Further, the Disclosure Statement asserts that releases are "integral" to the Plan such that if they render it unconfirmable, then there would be no viable plan on file to consummate the sale of the Debtors' assets and distribute the proceeds to creditors.

5. As set forth in the *Objection of the Official Committee of Unsecured Creditors to the Fourth Amended Joint Chapter 11 Plan of Cobalt International Energy, Inc., and its Debtor Affiliates* [Dkt. No. 676], the Debtors offer no evidentiary support, as there is none, that any consideration is being given for the releases or that somehow the granting of the

3

releases constitutes a compromise and settlement, or an exchange of bargained-for consideration between the Debtors and the Released Parties. The only "consideration" suggested is that current directors and officers have contributed to the Debtors' chapter 11 case, but in that case they are only performing their fiduciary and contractual responsibilities. *See Disclosure Statement*, at p. 12. But even that weak argument cannot be made with respect to releasing <u>former</u> officers and directors named as defendants in the pending Derivative Actions who are not in a position to provide any consideration or contribution to the Debtors' chapter 11 cases. Rather, the estates' claims against insiders are simply being given away for no consideration, and for no apparent reason other than to protect the insiders, to the detriment of creditors.

6. The direct releases in the plan amount to a surrender of valuable estate property for no consideration. The estates' breach of fiduciary duty claims against past and present directors, officers, and equity holders are property of the estate under section 541 of the Bankruptcy Code. *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 386 (5th Cir. 2009) ("[A] cause of action for breach of fiduciary duty owed to the corporation that is property of the corporation at the commencement of the chapter 11 case becomes property of the debtor's estate"); *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988) (holding that a corporation's "cause of action against its officers and directors . . . is property of the estate"). A debtor in possession "has the duty to maximize the value of the estate . . . In seeking to maximize the value of the estate, the trustee must investigate the conduct of prior management to uncover and assert causes of action against the debtor's officers and directors." *Commodities Futures Trading Com. v. Weintraub*, 471 U.S. 343, 352-53 (1985). The Debtors' plan, by including the

4

Releases, fails the duty to maximize creditor recoveries, and does so for the obvious but improper purpose of shielding insiders from liability to the estates.

7. It is equally clear that the proposed Debtors' Releases are not "integral" but are entirely unnecessary to effectuate the Plan. The Debtors are liquidating all of their assets pursuant to the Plan and will cease operations. The Debtors will not receive a discharge and on that basis there is no rational basis to grant blanket releases to non-debtors, *see* 11 U.S.C. §524(e) and 1141(d)(3), particularly for no consideration.

8. The Debtors have relentlessly refused excise the impermissible Releases from the Plan, jeopardizing the sale of the Debtors' assets and creditor recoveries. To the extent that the Debtors continue to refuse to remove the Releases from the Plan, they should no longer enjoy a monopoly on the right to file and solicit acceptances of a plan.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court deny the Motion, terminate the exclusive periods during which only the Debtors may file a plan and solicit acceptances thereto, and grant such other and further relief as this Court deems just.

*Remainder of page intentionally left blank*

Dated: April 1, 2018 */s/     Kenneth Green*
SNOW SPENCE GREEN, LLP
Kenneth Green, Esq. (TX Bar No. 24036677)
2929 Allen Parkway, Suite 2800
Houston, TX 77019
Telephone: (713) 335-4830

*Local Counsel for the Official Committee of Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Steven W. Golden, Esq. (TX Bar No. 24099681)
780 Third Ave., 34th Fl.
New York, NY 10017
Telephone: (212) 561-7700

Ira Kharasch, Esq. (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910

*Lead Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic transmission to all registered ECF users appearing in this case.

Dated: April 1, 2018
Houston, TX          */s/ Kenneth Green*
                     Kenneth Green

DOCS_NY:37547.3 15117/002