IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.: 17-36709 (MI) |
| **Cobalt International Energy, Inc.,** *et al.* | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

## STIPULATION AND AGREED ORDER RESOLVING PROOF OF CLAIM NO. 449

This stipulation and agreed order (the "Stipulation and Agreed Order") is made by and between Nader Tavakoli, solely in his capacity as Lead Member and Chairman of the Plan Administrator Committee of Cobalt International Energy, Inc., *et al.* (the "Plan Administrator"), and the United States Department of the Interior ("Interior," and together with the Plan Administrator, the "Parties").

### RECITALS

**WHEREAS**, on December 14, 2017 (the "Petition Date"), Cobalt International Energy, Inc. and certain of its affiliates, including Cobalt International Energy L.P. (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11, title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* in the United States Bankruptcy Court for the Southern District of Texas (the "Court") and the Debtors' chapter 11 cases were jointly administered under Case No. 17-36709;

**WHEREAS**, on April 5, 2018, the Court entered an Order (I) Confirming the Fourth Amended Joint Chapter 11 Plan of Cobalt International Energy, Inc. and Its Debtor Affiliates and (II) Approving the Sale Transaction (ECF No. 784) (the "Confirmation Order"), which annexed the Fourth Amended Joint Chapter 11 Plan (With Technical Modifications) of Cobalt International Energy, Inc. and Its Debtor Affiliates (ECF No. 784-1) (the "Plan") as Exhibit A thereto;

1

**WHEREAS**, on June 12, 2018, Interior, through its Bureau of Safety and Environmental Enforcement, filed protective Proof of Claim No. 449 (the "Interior Claim") in the estimated amount of $205,105,407.00 against Debtor, Cobalt International Energy L.P. (Case No. 17-36711), for performance of Cobalt International Energy L.P.'s decommissioning obligations under The Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 *et seq.* ("OCSLA") and its implementing regulations found in, among other places, 30 C.F.R. Part 250;

**WHEREAS**, paragraphs 190 through 197 of the Confirmation Order (the "Governmental Protections")[1] preserved, among other things, the Debtors' and/or the Plan Administrator's obligations, and/or the obligations of any assignee and/or transferee of the Debtors' interests in the Federal Leases, to comply with all laws and regulations applicable to such Federal Leases including, without limitation, maintenance and monitoring obligations, decommissioning obligations and financial assurance obligations, as provided for in, among other places, OCSLA and its implementing regulations found in 30 C.F.R. Part 250 and 30 C.F.R. Part 556;

**WHEREAS**, the Confirmation Order provides that, to the extent that any conflict is deemed to exist between the Governmental Protections and any other provision of the Confirmation Documents, the Governmental Protections supersede and control;

**WHEREAS**, Lease G32340 expired on June 30, 2018, and no wells have been drilled, or other facilities installed, on this lease that would result in decommissioning obligations accruing to the Debtors for this lease under OCSLA and 30 C.F.R. § 250.1702;

**WHEREAS**, federal leases G24194 and G24197 (the "Heidelberg Leases") have been assigned to W&T Offshore, Inc., which assignment has been approved by the Bureau of Ocean Energy Management effective as of January 1, 2018;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings attributed to them in Governmental Protections found in paragraphs 190 through 197 of the Confirmation Order.

2

**WHEREAS**, the Plan Administrator seeks to sell federal leases G25232 and G31938 (together, the "Shenandoah Leases") to a third-party purchaser, and any such future assignment will be subject to BOEM's approval as provided in the Governmental Protections, OCSLA and its implementing regulations; and

**WHEREAS** the Parties have reached an agreement on the terms set forth herein with respect to the resolution of the protective Interior Claim;

**NOW, THEREFORE,** in consideration of the mutual covenants contained herein, and other good and valuable consideration, the Parties hereby stipulate and agree as follows:

## AGREEMENT

1. All of the foregoing recitals are incorporated into the terms of this Stipulation and Agreed Order as if fully set forth herein.

2. The Governmental Protections provided for in paragraphs 190 through 197 of the Confirmation Order are expressly incorporated into the terms of this Stipulation and Agreed Order as if fully set forth herein.

3. The Debtors, and the Plan Administrator on behalf of the Debtors, have assumed and succeeded to, all of the regulatory and contractual obligations applicable to the Federal Leases as set forth in the Governmental Protections notwithstanding the withdrawal of the Interior Claim provided for in this Stipulation and Agreed Order.

4. The Debtors, and the Plan Administrator on behalf of the Debtors, acknowledge and expressly affirm the authority of Interior preserved in the Governmental Protections.

5. The Plan Administrator and the Debtors acknowledge and affirm, as provided for in the Governmental Protections, that any assignment of the Heidelberg Leases, the Shenandoah Leases or any other Federal Leases does not release or relieve the Plan Administrator and the

3

Debtors from their obligations to perform any decommissioning obligations that have accrued to them under OCSLA, 30 C.F.R. § 250.1702 and the applicable Federal Leases as decommissioning obligations are joint and several in nature.

6. In reliance on the Plan Administrator's and the Debtors' acknowledgement and affirmance of their regulatory and contractual obligations under the Federal Leases as provided for in the Governmental Protections and the survival of such regulatory and contractual obligations after any claim withdrawal contemplated by this Stipulation and Agreed Order, Interior hereby withdraws the Interior Claim pursuant to the terms of this Stipulation and Agreed Order. *For the avoidance of any doubt*, Interior is waiving its rights to a distribution as an unsecured creditor of the Debtors' estates on account of regulatory and contractual obligations that have accrued to the Debtors under the Federal Leases as set forth in Interior's Claim, but Interior is not waiving, releasing or limiting its rights to require the Debtors to perform their non-dischargeable regulatory and contractual obligations as may be required by OCSLA and its implementing regulations nor any rights to setoff or recoupment that Interior may have that are unrelated to the decommissioning obligations encompassed by the Interior Claim.

7. The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry by the Court.

8. This Court shall retain jurisdiction to resolve any disputes or controversies arising from, or related to, this Stipulation and Agreed Order and/or the Governmental Protections found in paragraphs 190 through 197 of the Confirmation Order.

9. This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed an original, but all of which together will constitute one and the same agreement.

10. This Stipulation and Agreed Order is binding upon the Parties and any of their

respective successors and assigns.

11.  This Stipulation and Agreed Order shall not be modified, altered, amended or vacated without the written consent of both of the Parties hereto.

12.  For purposes of construing this Stipulation and Agreed Order, none of the Parties shall be deemed to have been the drafter of this Stipulation and Agreed Order.

13.  Kurtzman Carson Consultants, LLC, as the Debtors' Claims, Noticing and Solicitation Agent, and the Clerk of the Court are authorized to take all necessary actions to effectuate the relief granted in this Order.

**IT IS SO ORDERED.**

Dated: _____, 2018.

                        HONORABLE MARVIN ISGUR
                        UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY:**

**GREENBERG TRAURIG, LLP**

By: *[signature]*

Shari L. Heyen
Texas State Bar No. 09564750
*HeyenS@gtlaw.com*
David R. Eastlake
Texas State Bar No. 24074165
*EastlakeD@gtlaw.com*
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: 713-374-3500
Facsimile: 713-374-3505

**COUNSEL FOR NADER TAVAKOLI, SOLELY IN HIS CAPACITY AS THE LEAD MEMBER AND CHAIRMAN OF THE PLAN ADMINISTRATOR COMMITTEE OF COBALT INTERNATIONAL ENERGY, INC., ET AL.**

**THE UNITED STATES OF AMERICA, ON BEHALF OF THE DEPARTMENT OF THE INTERIOR**

JOSEPH H. HUNT
Assistant Attorney General

RYAN K. PATRICK
United States Attorney, Southern District of Texas

By: *[signature]*
RUTH A. HARVEY
MARGARET M. NEWELL
EUNICE R. HUDSON (Trial Attorney)
Civil Division
U. S. Department of Justice
P. O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
(202) 514-6748 (telephone)
(202) 514-9163 (facsimile)
E-mail: eunice.r.hudson@usdoj.gov

**ATTORNEYS FOR THE UNITED STATES**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, and was served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail.

/s/ *[signature]*

David R. Eastlake